

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 16, 1966

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-742

Re: Authority of the Comp-
troller to effect, by a
journal entry, a trans-
fer of monies from the
General Revenue Fund to
the Departmental Suspense
as a method of refunding
money erroneously deposited
in the Treasury to the Gen-
eral Revenue Fund.

Dear Hon. Calvert:

Your request for an opinion reads as follows:

"I am in receipt of a demand from the Post
Office Department for a refund of $25.00 to cover
duplicate money order payments. The money current-
ly is deposited to General Revenue.

"My concern is the legal means that are avail-
able to me for refunding such duplicate payments
when using a statement of facts. Such statement
includes:

"Reference:

ORIGINAL MONEY ORDERS

| Order Number | Amount | Dated | Register No. | Date Deposit |
|---|---|---|---|---|
| 2217605787 | $10.00 | 1-6-64 | 0219161 | 4-6-64 |
| 2217605788 | $15.00 | 1-6-64 | 0219032 | 4-6-64 |

DUPLICATE MONEY ORDERS

| 2217605787 | $10.00 | 4-23-64 | 72260 | 5-26-66 |
| 2217605788 | $15.00 | 4-23-64 | 72261 | 5-26-66 |

"The two duplicate Postal Money Orders, dated
4-23-64, were deposited 5-26-66 to General Revenue
Fund 1, Revenue Code 570, in the amount of $25.00,
Deposit Voucher Number 15121.

-3579-

"The Comptroller's office held the duplicates pending receipt of information identifying the purpose of the payment. The deposit was eventually made as a 'conscience money' payment--unidentified.

"On June 20, 1966, the Post Office Department wrote the State Treasurer citing the double payment and requesting refund of the $25.00. The Treasurer referred the matter to the Comptroller.

"The question now arises, can the Comptroller effect by journal entry a transfer of $25.00 from 'General Revenue Fund' to Departmental Suspense' to remedy a coding error? If such remedy is denied then by what means can restitution be made to the Post Office Department?"

Section 6 of Article VIII of the Constitution of Texas provides: "No money shall be drawn from the Treasury, but in pursuance of specific appropriations made by law; . . . ."

Money held in suspense does not go into the State Treasury. Rogers v. Daniel Royal Oil Co., 130 Tex. 386, 110 S.W.2d 891, 894 (1937). Therefore, a transfer from the General Fund (which constitutes money in the State Treasury) to the Suspense Account would constitute a withdrawal of money from the Treasury. Since the money has been deposited in the General Revenue Fund, such money has passed beyond the control of the State Treasurer and it is now impossible to remove such deposit without an appropriation. Manion v. Lockhart, 131 Tex. 175, 114 S.W.2d 216 (1938). In the Manion case, a question similar to the one involved in your request was before the court, and in construing the provisions of Section 6 of Article VIII of the Constitution of Texas, the court stated at page 219:

"It is shown that respondent, acting on the opinion rendered by the Attorney General, deposited this money in the general revenue fund of the state. Respondent has in no manner profited by such action on his part. He in good faith deposited such money in the general revenue fund, which now requires that it be appropriated by the Legislature in accordance with the provisions of section 6 of article 8 of the Constitution. Respondent does not now have in his possession such funds, and, therefore, he is unable, without an act of the Legislature, to pay same to those entitled thereto. Having complied with the advice of the Attorney General, in making such transfer of funds, it would be both unjust and unfair to

undertake by writ of mandamus to compel the treasurer to pay this amount of money out of his personal funds. It was contrary to law for the funds to be deposited in the general revenue fund, as was done, but they have passed beyond the control of the treasurer, and it is now impossible for the treasurer to pay to relator the amount of funds so deposited with him." (Emphasis added)

It is our opinion that the principle of law announced in Manion v. Lockhart, supra, is applicable to the facts outlined in your request. Therefore, you are advised that the Comptroller may not transfer, by journal entry, money deposited in the General Fund to the Suspense Fund for the reason that the same amounts to a withdrawal of money from the Treasury without an appropriation and such action is prohibited by the provisions of Section 6 of Article VIII of the Constitution of Texas.

In answer to your second question, restitution to the Post Office Department can only be made by the Legislature enacting an appropriation for the purpose of refunding such money to the Post Office Department.

## SUMMARY

In view of the provisions of Section 6 of Article VIII of the Constitution of Texas, monies erroneously deposited in the State Treasury cannot be withdrawn except in pursuance of specific appropriations made by law.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: John Reeves
John Reeves
Assistant Attorney General

JR:mh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
James McCoy
Malcolm Quick

-3581-

Hon. Robert S. Calvert, page 4, (C-742)


Ralph Rash
Gordon Cass

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright